Case 4:13-cv-02892   Document 35   Filed in TXSD on 01/15/16   Page 1 of 3
United States District Court
Southern District of Texas
**ENTERED**
January 15, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH EARL DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-2892 |
| | § | |
| KROGER COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

**Plaintiff's Motion to Strike**

Within Plaintiff's Response to Defendant's Motion for Summary Judgment (Document No. 30), Plaintiff includes a Motion to Strike. Plaintiff asks that the Court strike paragraphs 10 and 11 of Besa's affidavit as inadmissible hearsay. *Id*. at 2. In its Reply to Plaintiff's Response (Document No. 31), Defendant responds, arguing that the paragraphs "are competent summary judgment evidence. The statements reflect Besa's personal, first-hand knowledge and her conversations with Alex Johnson, and are further supported by contemporaneous records prepared at the time of the events. The statements are, therefore, admissible evidence." *Id*. at 3 (*citing* FED. R. EVID. 602, 803). The paragraphs in question are as follows:

> 10. On or about October 14, 2011, Alex Johnson, Davis' supervisor, informed me that, on the previous night, Davis had refused to complete his assignment of scanning the back stock. Johnson asked Davis on more than one occasion to scan the back stock (which was part of Davis' job duties and an expectation of all Grocery Clerks), but Davis refused. Johnson advised Davis that refusal to accept the job assignment would result in suspension pending advisability of termination. Davis, however, persisted with this insubordinate behavior and refused.
>
> 11. Johnson advised Davis to contact me to discuss the incident and his employment. I expected to hear from Davis regarding the incident, but Davis did not contact me and I never heard directly from him.

(Document No. 27-4 at 3). The Court agrees with Defendant that Besa had personal knowledge

of this matter under FRE 602, as she testified to her conversation with Johnson in her deposition (Document No. 27-6 at 22-24). Furthermore, a recorded recollection of the incident was adopted by Besa shortly after the incident (Document No. 27-7), pursuant to FRE 803(5). Therefore, the Court hereby

ORDERS that Plaintiff's Motion to Strike is DENIED.

**Defendant's Motion to Strike**

Defendant includes a Motion to Strike in its Reply to Plaintiff's Response (Document No. 31). Defendant argues that Plaintiff's declaration (Document No. 30-1), is "self-serving" and "replete with conclusory statements, speculative opinions, and legal conclusions. Kroger, therefore, objects to the declaration and requests that the Court strike the declaration in its entirety or, in the alternative, strike the inadmissible portions of the declaration and disregard such portions when considering Plaintiff's Response" (Document No. 31 at 1).

Defendant first asks that the court strike paragraphs 4, 5, and 6, in which Plaintiff details promotions offered to him, because they are "conclusory and unsupported by evidence." *Id.* at 2. The Court agrees that these statements are conclusory and inappropriate summary judgment evidence, as Plaintiff does not offer any evidence to support his statements. *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985)("[U]nsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment.")(citation omitted).

Defendant also asks that paragraph 9 be stricken (Document No. 31 at 2). In paragraph 9, Plaintiff states that, "I believe the reduction was in retaliation for my having spoken to him about possible racially motivated discipline of the night stockers" (Document No. 30-1 at 2). The Court agrees with Defendant that this is an unsupported conclusion of law, and should be stricken.

*Galindo*, 754 F.2d at 1216. Therefore the Court hereby

ORDERS that paragraphs 4, 5, 6 and 9 of Document No. 30-1 are STRICKEN from the record.

SIGNED at Houston, Texas, this 15th day of January, 2016.

                                              _____
                                                   MELINDA HARMON
                                          UNITED STATES DISTRICT JUDGE